UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

    Plaintiff,

v.                                            Case No.:  2:19-cv-61-FtM-60MRM

EMILY SELEMA and MELINDA
MASTERS,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiff Jamaal Bilal initiated this action by filing a "42 U.S.C. § 1983 Complaint" (Doc. 1, Complaint) while involuntarily civilly confined to the Florida Civil Commitment Center ("FCCC").[1] Bilal seeks to proceed *in forma pauperis* on his Complaint (Doc. 2). The Court takes judicial notice that this Court recently entered a filing injunction against Plaintiff due to his abusive filing practices. *See Bilal v. Fennick*, Case No: 2:16-cv799-FtM-29MRM (Ft. Myers, FL. Aug. 21, 2019). Nonetheless, because Bilal initiated this action before the effective date of the filing injunction, the Court will review the Complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

[1] Plaintiff is civilly committed to the Florida Civil Commitment Center ("FCCC") pursuant to the Sexual Violent Predators Act, Fla. Stat. §§ 394.910-.913 ("SVP Act"), by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." *Id.* § 394.917(2).

Although Bilal is considered a non-prisoner due to his civil commitment status,[2] he is still subject to § 1915(e)(2). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding "no error in the district court's dismissal of [a non-prisoner's] complaint" under § 1915(e)(2)). Further, while *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted), the standard pleading requirements under Fed. R. Civ. P. 8, Fed. R. Civ. P. 10 still apply to *pro se* complaints. *Giles v. Wal-Mart Distribution Ctr.*, 359 F. App'x 91, 92 (11th Cir. 2009). In particular, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Overall, "a lengthy . . . personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" does not meet the pleading requirements of Rules 8 and 10. *Giles*, 359 F. App'x at 93.

Furthermore, this Court uses the standard for Fed. R. Civ. P. 12(b)(6) dismissals for dismissals under § 1915(e)(2)(B)(ii). *See Alba v. Montford*, 517 F. 3d 1249, 1252 (11th Cir. 2008). Under Rule 12(b)(6), a complaint is subject to dismissal if the claim alleged is not plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *Id.* The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[2] This matter was reassigned to the undersigned on July 15, 2018. (Doc. 8). The notice of reassignment was returned to the Clerk on July 23, 2018 as undeliverable. More than thirty (30) days has passed and Plaintiff has not filed a notice of change of address as directed in the Court's Standing Order for All Confined, *Pro Se* Litigants. (Doc. 3, ¶6). Thus, Plaintiff's current location and status is unknown.

556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" in favor of the plaintiff's claim. *Twombly*, 550 U.S. at 556. Overall, "labels ... conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. *Id.* at 555.

Upon review, the Court finds this action subject to dismissal under § 1915(e)(2)(B)(ii). Title 42 U.S.C. § 1983 prohibits the deprivation of constitutional rights under color of state law. "[C]omplaints in § 1983 cases must ... contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (citations and internal quotation marks omitted). Bilal's complaint contains no allegations from which it could be inferred that Defendants deprived Bilal of any of his constitutional rights.

The Complaint identifies "Dr. Emily Selema, Psy. D." and "Melinda Masters, M.S." as defendants. Doc. 1 at 1. Bilal contends that Defendant Masters' position as a DeSoto County Commissioner violates an internal FCCC rule and the "DCF-Wellpath contract."[3] Doc. 1 at ¶¶ 14-15. Bilal appears to suggest that Defendant Masters' position as a county commissioner creates a conflict of interest as evidenced by the fact that she did not testify on his behalf in connection with her witnessing a fight between him and Captain Kilgo, for which Bilal eventually plead guilty to battery and was sentenced to one-year in prison. *Id.*, ¶¶ 13-14. Regarding Defendant Selema, the Complaint alleges only the she "sits on the board of the BMT and in that capacity she authorizes all of the disciplinary reports (D.R.'s) that are sent to all

---

[3] Although neither term is defined, the Court construes the acronym "DCF" to stand for the Department of Children and Families and infers Wellpath to be the entity contracted by DCF to manage and provide services to residents at the FCCC who are civilly confined pursuant to the SVP Act.

judges in this state at civil commitment trials" and "she is not qualified to make such decisions without the required Ph.D. that is called for by the contract." *Id.*, ¶¶ 16-17. As relief, Plaintiff seeks, *inter alia*, $100,000 in compensatory damages against each Defendant and $100,000 in punitive damages against each Defendant. Doc. 1 at 6. Presumably in support of his claims, Plaintiff refers this Court to the Seventh Circuit's decision affirming the grant of summary judgment to defendants in *Smego v. Jumper*, 707 F App'x 411 (7th Cir. 2017).

In *Smego*, the plaintiff alleged that because some of the defendants had participated in his treatment before they obtained licenses required under the Illinois Sex Offender Evaluation and Treatment Act, 225 ILCS 109/1-99 (the "Illinois Act"), his sex-offender treatment was unconstitutional. The Seventh Circuit affirmed the district court's grant of summary judgment and found the district court properly found that the record belied any concern about the defendants' qualifications to provide sex-offender treatment. *Smego*, 707 F. App'x at 412-13. At the outset, Bilal fails to identify where Florida's SVP Act contains a similar provision to that under review in the Illinois Act. Irrespective of whether Florida's SVP Act requires specific licenses, Plaintiff fails to allege that he was even participating in sex-offender treatment or that either of the Defendants were his treatment providers. Moreover, Bilal predicates liability not on Florida's SVP Act but on his contention that Ms. Masters and Mrs. Selema are in breach of internal "FCCC rules" and/or the terms of the "DC-Wellpath" contract. The assertions of unlawful contractual matters are "legal conclusions" and as such, should not be entitled to the assumption of truth. *Iqbal*, at 680. Moreover, even if Plaintiff had standing to challenge the "DCF-Wellpath" contract, (not conceded) a breach of contact claim under state law does not give rise to federal jurisdiction absent complete diversity. 28 U.S.C. § 1332(a).

Accordingly, it is hereby

judges in this state at civil commitment trials" and "she is not qualified to make such decisions without the required Ph.D. that is called for by the contract." *Id.*, ¶¶ 16-17. As relief, Plaintiff seeks, *inter alia*, $100,000 in compensatory damages against each Defendant and $100,000 in punitive damages against each Defendant. Doc. 1 at 6. Presumably in support of his claims, Plaintiff refers this Court to the Seventh Circuit's decision affirming the grant of summary judgment to defendants in *Smego v. Jumper*, 707 F App'x 411 (7th Cir. 2017).

In *Smego*, the plaintiff alleged that because some of the defendants had participated in his treatment before they obtained licenses required under the Illinois Sex Offender Evaluation and Treatment Act, 225 ILCS 109/1-99 (the "Illinois Act"), his sex-offender treatment was unconstitutional. The Seventh Circuit affirmed the district court's grant of summary judgment and found the district court properly found that the record belied any concern about the defendants' qualifications to provide sex-offender treatment. *Smego*, 707 F. App'x at 412-13. At the outset, Bilal fails to identify where Florida's SVP Act contains a similar provision to that under review in the Illinois Act. Irrespective of whether Florida's SVP Act requires specific licenses, Plaintiff fails to allege that he was even participating in sex-offender treatment or that either of the Defendants were his treatment providers. Moreover, Bilal predicates liability not on Florida's SVP Act but on his contention that Ms. Masters and Mrs. Selema are in breach of internal "FCCC rules" and/or the terms of the "DC-Wellpath" contract. The assertions of unlawful contractual matters are "legal conclusions" and as such, should not be entitled to the assumption of truth. *Iqbal*, at 680. Moreover, even if Plaintiff had standing to challenge the "DCF-Wellpath" contract, (not conceded) a breach of contact claim under state law does not give rise to federal jurisdiction absent complete diversity. 28 U.S.C. § 1332(a).

Accordingly, it is hereby

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii).

2. The **Clerk of Court** shall terminate any pending motions, enter judgment, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida on August 29th, 2019.

SA: FTMP-1
Copies furnished to:

Counsel of Record
Unrepresented Parties

THOMAS P. BARBER
UNITED STATES DISTRICT JUDGE